UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVONN J. JOHNSON           :          CASE NO. 3:14-cv-244 (VLB)

v.

C.O. CRAIG SEBASTIAN, ET AL.    :          SEPTEMBER 4, 2014

### INITIAL REVIEW ORDER

The Plaintiff, currently incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut, has filed an Amended Complaint *pro se* under 42 U.S.C. § 1983. He lists Correctional Officer Sebastian and Warden Timothy Farrell as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a pro se complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The Plaintiff alleges that on November 15, 2011, at Bridgeport Correctional Center, Correctional Officer Sebastian wrote "an unprofessional comment" on a manila envelope containing witness statements that proved Plaintiff's innocence. Correctional Officer Sebastian then misplaced the envelope containing the statements and neither the envelope nor the statements were ever found. The Department of Correction investigated the incident and found that Officer Sebastian had violated several Administrative Directives. Without the witness statements, the Plaintiff was forced to plead guilty to a crime that he did not commit; and as a consequence, a judge sentenced the Plaintiff to a total effective sentence of ten years of imprisonment and fifteen years of probation.

The Plaintiff also alleges that Correctional Officer Sebastian physically abused him and his family. This abuse caused the Plaintiff to become depressed

and emotionally distressed.

The Plaintiff names as a defendant Warden Farrell, but does not mention him in the body of the Complaint. As such, the Plaintiff has not alleged that Warden Farrell violated his federally or constitutionally protected rights. The claims against defendant Farrell are therefore dismissed. See 28 U.S.C. § 1915A(b)(1).

In the Complaint, the Plaintiff also asserts claims in his own name based on allegations that Correctional Officer Sebastian physically abused Plaintiff's girlfriend and three of Plaintiff's children. The Plaintiff cannot assert claims for breaches of duties to or violation of the rights of others. See *Singleton v. Wulff*, 428 U.S. 106, 114 (1976) ("'Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party'") (citations omitted); *Golden Hill Paugussett Tribe of Indians v. Weicker*, 39 F.3d 51, 58 (2d Cir. 1994) (standing requires that "Plaintiff assert its own legal rights, and not those of third parties"). "An action must be prosecuted in the name of the real party on interest." Fed. R. Civ. P. 17(1). There are exceptions to that rule, one of which allows the guardian of a minor to prosecute a case on behalf of the minor in their own name. Fed. R. Civ. P. 17(1)(c). However, the Second Circuit does not read that rule to imply that a non-lawyer parent can necessarily represent a minor child in federal court proceedings. *Tindall v. Poultney High School Dist.*, 414 F.3d 281 (2d. Cir. 2005). The rule is not absolute, and a non-lawyer parent may prosecute a case on behalf of a minor child where their interests converge and the parent is found to be competent. *IMachadio v. Apfel,* 276 F3d. 103 (2d, Cir. 2002). Here no

such synergy exists. First, the Plaintiff does not allege that any of the children is a minor. Second, his interest and that of the children do not converge. The claims of the Plaintiff individually and those on behalf of his children do not arise out of the same nucleus of fact and the Plaintiff is not in custody of, nor does it appear that he is supporting, the children because he is incarcerated. Third, the Plaintiff has limited interaction with the children and the facts necessary to adequately represent the children. Finally, the Plaintiff does not assert that the children's claims could not be prosecuted by the custodial parent and that legal representation was sought to no avail. The Plaintiff therefore lacks standing to assert claims that Correctional Officer Sebastian violated the rights of his children and his girlfriend. *See* 28 U.S.C. § 1915A(b)(1). Furthermore, if the Plaintiff's children and girlfriend were parties to this action, their claims would likely be severed as the claims have not been shown to arise out of the same nucleus of fact as the claims asserted by the Plaintiff. Fed. R. Civ. P. 17. Accordingly, any claims asserted by the Plaintiff on behalf of his children and his girlfriend are dismissed.

The Plaintiff seeks monetary damages from Correctional Officer Sebastian in his individual and official capacities. The request for monetary damages against Correctional Officer Sebastian in his official capacity is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (holding that the Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (holding that Section 1983 does not override a

state's Eleventh Amendment immunity). All claims for monetary damages against defendant Sebastian in his official capacity are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

After careful review, the court concludes that the claim that Correctional Officer Sebastian denied the Plaintiff access to the courts when he defaced the Plaintiff's legal envelope and lost the Plaintiff's witness statements and the claim that Correctional Officer Sebastian physically abused the Plaintiff should proceed against Correctional Officer Sebastian in his individual capacity.

## ORDERS

The Court enters the following Orders:

(1)     All claims against defendant Farrell and all claims asserted on behalf of the Plaintiff's girlfriend and children are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). The claims for money damages against Correctional Officer Sebastian in his official capacity are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2). The claim that Correctional Officer Sebastian denied the Plaintiff access to the courts when he defaced the Plaintiff's legal envelope and lost the Plaintiff's witness statements and the claim that Correctional Officer Sebastian physically abused the Plaintiff should proceed against Correctional Officer Sebastian in his individual capacity only.

(2)     By September 25, 2014 (twenty-one (21) business days of this Order), the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for Correctional Officer Sebastian in his individual capacity and mail a copy of the Amended Complaint and a waiver of service of

process request packet to him in his individual capacity at his current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the Court on the status of the waiver request. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Amended Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4) Correctional Officer Sebastian shall file his response to the Amended Complaint, either an answer or motion to dismiss, by November 13, 2014 (seventy (70) days from the date of this order). If the Sebastian chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above. He may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by April 2, 2015 (seven months (210 days) from the date of this order). Discovery requests need not be filed with the Court.

(6) All motions for summary judgment shall be filed by May 4, 2015 (eight months (240 days) from the date of this order).

(7) If the Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST timely notify the court. Failure to do so can result in the dismissal of the case. The Plaintiff must give

notice of a new address even if he is incarcerated.  The Plaintiff should write "PLEASE NOTE MY NEW ADDRESS."  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the Plaintiff has more than one pending case, indicate the case numbers in the notification of change of address.  The Plaintiff should also notify the defendant(s) or the attorney for the defendant(s), if appropriate, of his or her new address.

  SO ORDERED at Hartford, Connecticut this 4TH day of September, 2014.


       _____/S/_____
       VANESSA L. BRYANT
       UNITED STATES DISTRICT JUDGE