UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DAVONN J. JOHNSON,
        Plaintiff,

      v.                                                            CASE NO. 3:14-cv-244(VAB)

CRAIG SEBASTIAN,
        Defendant.

## RULING ON MOTION TO DISMISS

The Plaintiff, Davonn Johnson, filed this civil rights Complaint *pro se* pursuant to 42 U.S.C. § 1983.  Compl., ECF No. 1.  At the time he filed the Complaint, Mr. Johnson was incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut.  *Id.* at 2.  On June 27, 2014, Mr. Johnson filed an Amended Complaint naming Warden Timothy Farrell and Correctional Officer Craig Sebastian as Defendants.  Am. Compl., ECF No. 10.  Mr. Johnson alleged that Defendant Sebastian denied him access to courts in connection with a criminal matter and also physically abused him and his family.  *Id.* at Stmt. of Case ¶¶1-4.

On September 4, 2014, the Court dismissed all claims against Defendant Farrell and all claims asserted on behalf of Mr. Johnson's girlfriend and children pursuant to 28 U.S.C. § 1915A(b)(1) and dismissed the claims for money damages against Defendant Sebastian in his official capacity pursuant to 28 U.S.C. § 1915A(b)(2).   Initial Review Order 3-4, ECF No. 14.  The Court concluded that the claim that Correctional Officer Sebastian denied Mr. Johnson access to the courts when he defaced Mr. Johnson's legal envelope and lost his witness statements and the claim that Correctional Officer Sebastian physically abused Mr. Johnson should proceed against Correctional Officer Sebastian in his individual capacity.  *Id.* at 5.

1

Defendant Sebastian now has moved to dismiss these claims.  Mot. To Dismiss, ECF No. 18. For the reasons set forth below, the motion is **GRANTED**.

I.     **Standard of Review**

When deciding a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  *Connolly v. McCall,* 254 F.3d 36, 40 (2d Cir. 2001) (citation omitted).  The Court's review is limited to "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993) (citations omitted).  The Court considers not whether the plaintiff ultimately will prevail, but whether he has asserted sufficient facts to entitle him to offer evidence to support his claim.  *See York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir. 2002), *cert. denied*, 537 U.S. 1089 (2002) (citation omitted).

In reviewing the complaint in response to a motion to dismiss, the Court applies "a 'plausibility standard,' which is guided by two working principles."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the requirement that the Court accept as true the allegations in the complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (alterations in original).  Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief.  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Determining whether the complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense.'" *Id.* Even under this standard, however, the Court must liberally construe a *pro se* complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (*per curiam*) (internal quotation marks and citations omitted).

## II.   Factual Allegations

Mr. Johnson alleges that early on the morning of November 15, 2011, prison officials transported him from MacDougall Correctional Institution to Bridgeport Correctional Center to appear in state court on a criminal matter. Mem. Re: Alleged Staff Misconduct dated March 9, 2012, Compl. at 21, ECF No. 1[1]; Am. Compl. at Stmt. of Case ¶¶1, 3-4, ECF No. 10. While he was in the Admitting and Processing area at Bridgeport Correctional Center, Mr. Johnson alleges that Correctional Officer Sebastian took an envelope from him that contained witness statements and wrote "an unprofessional comment" on the outside of the envelope. Am. Compl. at Stmt. of Case ¶¶1, 5-6, ECF No. 10. Mr. Johnson claims that Correctional Officer Sebastian did not return the envelope or its contents to him. *Id.* ¶2. The documents in the envelope allegedly proved that the Plaintiff was innocent of the crimes for which he had been charged. *Id.* ¶1. Mr. Johnson claims that neither the envelope nor the papers inside the envelope were ever found. *Id.* ¶2.

Without the lost documents, Mr. Johnson was allegedly was forced to plead guilty to a crime that he did not commit. *Id.* ¶ 3. The Department of Correction investigated the incident and found that Officer Sebastian had violated a number of Administrative Directives. *Id.* ¶¶5-6;

---

[1] In evaluating a motion to dismiss, the Court may consider any exhibits attached to the Complaint. *See*

Mem. Re: Alleged Staff Misconduct dated March 9, 2012, Compl. at 23-24, ECF No. 1.  During the course of the investigation, Officer Sebastian admitted writing the comment but not to taking, losing or destroying the envelope and its contents.  *Id.*

In January 2013, a judge sentenced Mr. Johnson to a total effective sentence of ten years of imprisonment and fifteen years of probation.   *See State v. Johnson*, FBT-CR11-0255261-T, (Conn. Super. Ct. Jan. 4, 2013); *State v. Johnson*, FBT-CR11-0255572-T (Conn. Super. Ct. Jan. 4, 2013).  The Court may take judicial notice of the disposition of Mr. Johnson's criminal case in ruling on a motion to dismiss.  *See Smith v. City of New York*, No. 12 CIV. 4891 (KPF), 2013 WL 5942224, at *1 (S.D.N.Y. Nov. 6, 2013) (citations omitted); *Browdy v. Karpe*, No. 3:00 CV 1866 (CFD), 2004 WL 2203464, at *2 n.3 (D. Conn. Sept. 20, 2004) (taking judicial notice of a transcript of a plea and sentencing in the plaintiff's state criminal case) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

Mr. Johnson also alleges that Correctional Officer Sebastian physically abused him and his family.  Am. Compl. at Stmt. of Case ¶2, ECF No. 10.  According to the Amended Complaint, this abuse caused Mr. Johnson to become depressed, suicidal, and emotionally distressed.  *Id.*

**III.     Discussion**

The Defendant moves to dismiss the remaining claims in the Amended Complaint on various grounds.  Mot. To Dismiss, ECF No. 18.  Mr. Johnson has not responded to the motion.[2]

---

*Samuels*, 992 F.2d at 15.

[2] After the Motion to Dismiss was filed, Mr. Johnson attempted to make three filings, all of which were returned because they were deficient for various reasons.  *See* ECF Nos. 19-21.

### A.     Written Harassment Fails to State a Claim

Defendant argues that the act of writing a statement containing a curse word on Mr. Johnson's envelope containing legal paperwork does not rise to the level of a constitutional violation.  The Court agrees.  Verbal harassment and threats, without more, do not constitute a constitutional violation.  *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (affirming a district court's determination that verbal harassment and name calling, absent "appreciable injury," are not constitutional violations cognizable under section 1983); *Cotz v. Mastroeni*, 476 F. Supp. 2d 332, 372 (S.D.N.Y. 2007) ("The law is clear that verbal harassment or even threats alone are not actionable under 42 U.S.C. § 1983."); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("verbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional or reprehensible it may seem, does not constitute the violation of any federally protected right and [ ] is not actionable under section 42 U.S.C. § 1983") (internal quotation marks and citations omitted).

Here, Mr. Johnson complains that Defendant Sebastian wrote a curse word on his envelope.  During an investigation following the incident, Defendant Sebastian admitted to writing a curse word on the Plaintiff's envelope of legal papers.  Mem. Re: Alleged Staff Misconduct dated March 9, 2012, Compl. at 19,  ECF No. 1.  However, Mr. Johnson's claim that Defendant Sebastian engaged in written harassment on one occasion fails to state a claim upon which relief may be granted.  *See Purcell,* 790 F.2d at 265; *see also Hendricks v. Boltja*, 20 F. App'x 34, 35-37 (2d Cir. 2001) (affirming a grant of summary judgment in favor of defendants on a claim that an officer harassed an inmate on multiple occasions by seizing his legal documents and destroying them and telling him to "get [his] black ass out of the library").

Accordingly, the Defendant's Motion to Dismiss is granted.

      **B.**    **Access to Courts Claim**

The Defendant argues that Mr. Johnson's denial of access to courts claim involving the alleged confiscation or loss of the envelope containing witness statements by Officer Sebastian is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), because Mr. Johnson was convicted on charges of assault and endangering a child and the convictions have not been overturned. Mot. to Dismiss 8-9, ECF No. 18-1. The Supreme Court has held that in order to recover damages under 42 U.S.C. § 1983 for

> harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87. Thus, a state prisoner alleging a section 1983 claim regarding his or her conviction or sentence "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. If the Court's conclusion that a section 1983 plaintiff is entitled to damages would not necessarily demonstrate the invalidity of Mr. Johnson's conviction, the holding in *Heck* is inapplicable and the claim may proceed. *See id.* at 487 n.7 (citing a claim challenging the reasonableness of a search under section 1983, which "would not *necessarily* imply that the plaintiff's conviction was unlawful," as an example of a claim that may still be asserted) (emphasis in original).

Here, Mr. Johnson alleges that the envelope Officer Sebastian defaced and then lost or stole contained witness statements that would prove his innocence of the crimes for which he had

6

been charged.  Without the statements, Mr. Johnson alleges that he had no choice but to plead guilty to the criminal charges pending against him.  Mr. Johnson has not alleged that his convictions have been invalidated in any way by any state or federal court or other state or federal official.  Any decision by this Court or by a jury, holding that Defendant Sebastian's confiscation or loss of the envelope and the documents contained in it denied the Mr. Johnson access to the courts with respect to his criminal case would necessarily require a conclusion that the Mr. Johnson would not have pleaded guilty to the charges against him or that the state would not have pursued the charges against him because the witness statements would have shown Mr. Johnson's innocence.  Thus, *Heck* bars Mr. Johnson's claim because the Court's finding of an entitlement to damages would necessarily demonstrate the invalidity of plaintiff's conviction.  *Heck*, 512 U.S. at 489.  Thus, the Motion to Dismiss must be granted.

### C. Physical Abuse Claim

The Defendant argues that the claim that Officer Sebastian physically abused Mr. Johnson is conclusory and should be dismissed.  In the Amended Complaint, Mr. Johnson simply states that Defendant Sebastian physically abused him without describing the type of abuse or whether he experienced any physical injuries as a result.[3]  The only time that Mr. Johnson alleges that he came into contact with Defendant Sebastian was on November 15, 2011, when he was

---

[3] Mr. Johnson also fails to specify a legal theory that he believes entitles him to relief on this claim.  For the sake of evaluating this pleading, given that he brought the Complaint under 42 U.S.C. § 1983, the Court assumes that Mr. Johnson is claiming Defendant Sebastian used force on him in a way that violated his constitutional rights while he was in custody.  To make out a constitutional claim of excessive force, a pretrial detainee must allege that "the force purposely or knowingly [or recklessly] used against him was objectively unreasonable."  *Kingsley v. Hendrickson*, No. 14-6368, 2015 WL 2473447, at *5 (June 22, 2015).  A sentenced inmate, in contrast, must prove that the amount of force violated "contemporary standards of decency" and that the officer acted with a sufficiently culpable state of mind, in other words "maliciously and sadistically for the very purpose of causing harm."  *Murray v. Goord,* 668 F. Supp.2d 344, 360 (N.D.N.Y. 2009); *see Kingsley*, 2015 WL 2473447, at *8-9.

transported to Bridgeport Correctional Center.  There are no specific allegations that Defendant Sebastian used force or physically abused Mr. Johnson in connection with the transfer of paperwork or the act of writing a curse word on the envelope containing the paperwork. The Court, therefore, agrees with the Defendant that Mr. Johnson's allegations are too conclusory to survive a motion to dismiss.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (noting that although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusion," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement).

Attached to the Plaintiff's Complaint are copies of his grievances and Inmate Request Forms regarding his claim that Defendant Sebastian lost or destroyed his paperwork on November 15, 2011.  Compl. at 9-17, ECF No. 1.  Those exhibits do not refer to a claim of physical abuse by Defendant Sebastian against Mr. Johnson.  Also attached to the Complaint is a memorandum produced after the Department of Correction investigated the alleged confiscation or loss of Mr. Johnson's legal documents on November 15, 2011.   Mem. Re: Alleged Staff Misconduct dated March 9, 2012, *id.* at 19.  The report does not mention any claims by Mr. Johnson of an assault or use of force by Defendant Sebastian.  As noted above, Mr. Johnson has not otherwise included any facts about the alleged use of physical force against him by Defendant Sebastian.

The Court, therefore, concludes that the Plaintiff has not alleged facts to support a plausible claim of physical abuse by Defendant Sebastian against him on November 15, 2011 or on any other date.  Furthermore, the Plaintiff describes only his emotional injuries, and only generically references physical injuries without specifying what they were and whether they

resulted from the alleged physical abuse.  Am. Compl. at Stmt. of Case ¶¶2-3, ECF No. 10.  Under 42 U.S.C. § 1997e(e), a prisoner may not recover "for mental or emotional injury suffered while in custody without a prior showing of physical injury."  *See Hunnicutt v. Kitt,* No. 3:10-cv-857(CSH), 2012 WL 1247268, at *10 (D. Conn. Apr. 13, 2012) ("The Second Circuit has interpreted [section 1997e(e)] to require that a prisoner seeking compensatory damages for a constitutional violation demonstrate physical injury.") (citation omitted).  Mr. Johnson's Complaint fails to specify with sufficient clarity that he suffered physical injuries from the alleged abuse.  Accordingly, the Motion to Dismiss is granted as to the Mr. Johnson's claim of physical abuse.

Because Mr. Johnson proceeds *pro se* in this action, however, the Court will allow him thirty days to re-plead and elaborate on his allegation of physical abuse against Defendant Sebastian and to assert facts indicating when the alleged abuse occurred, what type of abuse/force was allegedly used, what type of injuries, if any, the Plaintiff incurred and the attempts to exhaust this claim of physical abuse.

### IV.  Conclusion

The Motion to Dismiss [**ECF No. 18**] is **GRANTED** as to the claim of written harassment against Defendant Sebastian, the claim of denial of access to courts against Defendant Sebastian and the claim that Defendant Sebastian physically abused the Plaintiff.  The Court declines to exercise supplemental jurisdiction over any state law claims to the extent such claims are asserted in the Amended Complaint.  *See* 28 U.S.C. §1367(c)(3)

Within **THIRTY (30)** DAYS of the date of this Ruling, the Plaintiff may file a second amended complaint to elaborate on his allegation of physical abuse against Defendant Sebastian

and to assert facts indicating when the alleged abuse occurred, what type of abuse/force was allegedly used, what type of injuries, if any, the Plaintiff incurred and the attempts to exhaust this claim of physical abuse.   If the Plaintiff fails to file an amended complaint within the time specified, the Court will direct the Clerk to enter judgment for Defendant Sebastian on all claims.

SO ORDERED at Bridgeport, Connecticut this 25th day of June, 2015.

/s/  Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE